Per curiam

Notice must be given that is expressly required — if there, is no length of time prescribed in the act, it ought to be a reasonable time $ and what is a reasonable time cannot be better ascertained than by referring to the time the Legislature has appointed in a similar case — rhe latter part of this act appoints ten days notice to creditors, whose debtor is about to deliver a schedule of his effects — the preparation for these creditors to make, is no greater than the preparation to be made by those of the other class, and therefore as long time should be given in the one case as the other : but in truth this act does provide that ten days shall be given in the case now before the court. The tree meaning of any written instrument is best collected from a view of the whole, et antecede,nlibua et consequeniibus.— Notice is required in the first part of the same clause, in a subsequent part of the same clause it is required again with the addition of the words, according to the directions of this act$ and by the latter part of the act, notice of ten days must be given to the creditor of a debtor about to deliver a schedule. We are if possible to give every word some operative meaning, but we should give no meaning at all to the words, according, to the directions of this act, if we say they mean nothing more than the preceding words had expressed, or notice in general. Indeed, according to the construction of the petitioner’s counsel, the whole of this sentence, só far as it relates to notice, is nugatory — notice having been directed before. Something more, therefore must be meant by the additional words, according to the directions of this act — it has reference to what is expressed in some other part of the act, having another meaning than that part of the sentence, to which tiie. words are additional, and that must necessarily be the term of ten days expressed in the latter part, by a reference to which these words have an effect and meaning, and complete the sense of the first clause directing notice, which other- *472 wjj5e would bp incomplete and uncertain for want of dc~ fining the time — therefore the acts provides ten days notice to be given$ it has not been given in the present case, and the petitioner cannot be discharged. So he was remanded.
At April term, 1797, another person presented his pe**lt’on the court by Robert Bell, his attorney, to be ad-mJttj.fj to. the oath of an insolvent debtor and discharged, but he had not given ten days notice.
El per curiam — Haywood and Stowe — That is necessary by the spirit of the act, and they remanded him.
Note.--Fairman petitioned Judge Haywood, in the vacation following this term, who granted an habeas corpus, and Fairman was brought before him and the notices were admitted; but it being prov.-d that not long before these judgments obtained, for which he was imprisoned, he had sold property to the amount of eleven hundred pounds to one Ooghlin ¡ who it was proven had subscribed receipts and taken notes as the partner of Fairman, and it being also proven that Fairman was present win.n money was lent by Ooghlin, and anote tafcr-n in the name of Fairman and Ooghlin, Ihe Judge required him to shew the application of that money ; and he being not able to do so, nor willing to attempt it, though a month’s time was offered him for that purpose, and that he should be again brought up at the end of the month, he was remanded.
Note. — Vide the act of 1822, c. 8, which prescribes that no person shall be imprisoned upon any ca. sa. for anj debt contracted after the 1st day of May 1823, who will comply with the requisites of tire act, without fraud or concealment.